## Clark *versus* Miller

1. An Act of Assembly required a trustee before executing a deed to the purchaser of land belonging to the trust estate to give security in the Court of Common Pleas, to be approved by said court, conditioned for the investment of the proceeds of the sales in other securities. The original papers of the court being lost, the docket entries showed that on April 12th 1845, the trustee presented a petition to said court in said trust estate, which petition was filed, and on motion of his attorney the court permitted petitioner "to give security, according to special Act of Assembly. *Eo die,* bond filed." The purchaser testified that he took possession of the land on April 1st 1845, and that the trustee informed him "that he had given bail in the Common Pleas." *Held,* that this was sufficient evidence of a compliance with the act and gave the trustee authority to convey.

2. The purchaser took possession of the land in 1845. By reason of negotiation and delay on the part of the trustee, the purchaser never received his deed therefor until 1855. In 1871 the heirs of the *cestuis que trustent* brought ejectment, and attacked the validity of the deed on the ground that it contained a recital, that security was given and approved in 1852. There was no record or other evidence to explain this recital. *Held,* that this unexplained recital could not impair the validity of the title vested in the vendee, and that after the lapse of so much time every reasonable intendment should be made to protect it.

February 25th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas, No. 3, of *Philadelphia county:* Of July Term 1877, No. 27.

Ejectment by C. Henri Clark and others against Cornelius Miller, to recover a lot of ground of about five acres, in Germantown. Defendant pleaded "Not Guilty."

A jury was waived and the case tried by Finletter, J., who found the facts as follows : "The plaintiffs are the children of Ann Eliza Maison, named in a certain deed of July 23d 1825. By the terms of that deed John Maison, the then owner in fee of the premises (for which suit is brought), conveyed the same to John Miller and John Weiss, their heirs and assigns, upon trust for Ann Eliza Maison for life, and after her death to her children and their issue. Weiss and Miller refused the trust, and Peter Maison was duly substituted for them as sole trustee, under the trusts of said deed.

This action was begun on the 4th of February 1871, and the writ duly served upon the defendant, the tenant in possession, whose

[Clark *v.* Miller.]

landlord is admitted to be A. L. Roumfort, who is admitted to defend the action.

This defendant, Roumfort, also claims title under the original owner, John Maison, and rests his title upon the following facts:

An Act of Assembly (Pamph. L. 1844, 117) of 14th March 1844, was passed as follows:

"An act to authorize Peter Maison to sell and convey certain real estate:

"Sect. 1. Be it enacted, &c., that Peter Maison, trustee of the estate of Ann Eliza Hansen, be and is hereby authorized to sell at public or private sale, as he may deem most advantageous, all or any part of the estate and premises, granted and conveyed by John A. Maison to John Miller and John Weiss, by deed dated the 23d of July 1825, recorded in the office of the recorder of deeds, at Philadelphia, in trust for certain uses and purposes therein set forth, and to make and execute a good and sufficient deed or deeds to the purchaser or purchasers thereof, in fee-simple, altogether discharged, from the trusts of the said deed of John A. Maison to John Miller and John Weiss, and from any obligation on the part of the said purchaser or purchasers to see to the application of the purchase-money. Provided, that before the said Peter Maison shall make or execute any such deed, he shall give security in the Court of Common Pleas of Philadelphia county, to be approved by the said court, conditioned for the investment of the proceeds of the said sales, by the said Peter Maison, in such other securities as the said court shall approve, on the same trusts as are set forth in the said deed of John A. Maison to John Miller and John Weiss."

Subsequently to the passage of this act, certain proceedings were had in the Court of Common Pleas for the city and county of Philadelphia in reference to this trust estate. Due search has been made for the records of these proceedings, and all of the papers have been lost except the docket entries, which are as follows:

"Assignees and Trustees' Docket B., p. 390.

In the matter of the estate of John A. Maison—Trust estate.

January 13th 1844, petition of Edward Richard Hansen and Ann Eliza, his wife, formerly Ann Eliza Maison, presented, read and filed. And on motion of George Sharswood, Esq., court grant prayer of petitioners, and appoint Peter Maison trustee, in the place of John Weiss, deceased.

April 12th 1845, petition of Maison read and filed, and on motion of Mr. Biddle, court permit petitioner to give security according to special Act of Assembly. *Eo die*, bond filed."

The defendants then offered in evidence a deed from Peter Maison, trustee, &c., to Augustus L. Roumfort, the defendant, dated March 26th 1855, recorded in deed book R. D. W., No. 19, p. 37.

Reference is to be had thereto to explain this opinion.

[Clark *v.* Miller.]

The material portions are as follows :

" And at a Court of Common Pleas, held at Philadelphia, for the city and county of Philadelphia, on the 13th day of January 1844, the petition of the said Edward Richard Hansen and Ann Eliza, his wife, by their attorney in fact, the said Peter Maison, was presented, setting forth that the said John Weiss was deceased, and that the said John Miller had never accepted the trust above mentioned nor acted in any manner therein, as appears by an instrument to said petition annexed, and praying the said court to appoint some suitable person as trustee, according to the Act of Assembly in such case made and provided, whereupon the said court on due consideration granted the prayer of the said petitioners, and appointed the said Peter Maison a trustee of said estate, in lieu of the original trustee aforesaid, and in and by an Act of the General Assembly of the Commonwealth of Pennsylvania, passed the 14th day of March 1844, entitled " An act to authorize Peter Maison to sell and convey certain real estate," it was enacted that the said Peter Maison, trustee, aforesaid, be and was thereby authorized to sell at public or private sale, as he might deem most advantageous, all or any part of the estate and premises granted and conveyed by the said John Maison to John Miller and John Weiss in and by the above-recited indenture in trust for the purposes therein set forth, and to make and execute a good and sufficient deed or deeds to the purchaser or purchasers thereof, in fee-simple altogether discharged from the trusts of the above-recited indenture, and from any obligation on the part of the said purchaser or purchasers, to see to the application of the purchase-money, provided that before the said Peter Maison should make or execute any such deed he should give security in the Court of Common Pleas of Philadelphia county, to be approved by the said court, conditioned for the investment of the proceeds of the said sales by the said Peter Maison in such other securities as the said court shall approve, on the same trusts as were set forth in the above-recited indenture. And at a Court of Common Pleas, held at Philadelphia on the 28th day of May 1852, the said Peter Maison entered into a bond with James D. Whetham as surety in the sum of $800 conditioned for the investment of the proceeds of said sale as directed by the said Act of Assembly, which said surety was approved by the said court and duly entered."

Copy of certificate endorsed on said deed.
City and county of Philadelphia, ss.

Be it known that at a Court of Common Pleas held at Philadelphia the 28th day of May 1852, the within named Peter Maison, trustee, &c., entered into bond with James D. Whetham, surety in the sum of $800, conditioned for the investment of the proceeds of the sale of the within-granted premises, as directed by the Act of Assembly within recited, which said surety was duly approved and entered of record in said court, agreeably to the said within-recited

[Clark *v.* Miller.]

Act of Assembly. In testimony whereof, I have hereunto set my hand and affixed the seal of the said court this          day of A. D. 1855."

To the admission of this deed the plaintiffs objected on the ground,

1. That the Act of Assembly *supra* was unconstitutional, and therefore conferred no right upon Peter Maison to sell the property in question.

2. That the requirements of the act had not been complied with, that such security should first be given in the Court of Common Pleas, to be approved by the said court, conditioned for the investment of the proceeds of the said sales by Peter Maison, in such securities as the court should approve.

(I admitted the deed, to which admission plaintiff's counsel excepted.)

" The depositions of Roumfort and a number of other witnesses were read, showing that Roumfort agreed with Maison to buy the premises in question in 1844, and under the agreement took possession in 1845, since which time he had continually occupied them as a farm, and performed the ordinary acts of ownership upon them without objection till the commencement of this suit. No deed was however made to Roumfort till the present one of 1855, owing to a dispute between him and Maison as to the price to be paid for the premises."

Ann Eliza Maison, the *cestui que trust* mentioned in the trust deed from John A. Maison, was married to Richard Hansen, of Copenhagen, Denmark, December 15th 1827. Her husband died at Berlin, Illinois, July 9th 1854. The said Ann Eliza Hansen died a widow at Berlin, Illinois, December 9th 1870, leaving surviving her five children, who either singly or joined with their husbands are plaintiffs in this suit.

The oldest of the five children reached her majority March 4th 1851, and married the same year. The youngest reached her majority August 3d 1864.

The plaintiffs submitted the following points, to which are appended the answers of the court :

1. That the Act of Assembly of 14th March 1844, to enable Peter Maison to sell and convey certain real estate, did not enable him to convey to Roumfort a valid title to the premises in dispute indefeasible by the plaintiffs.

Ans. " The said Act of Assembly authorized Peter Maison to make conveyance. Under the act he conveyed the premises in dispute to Roumfort, and the title thereby acquired is valid and indefeasible by the plaintiff."

2. That there is no evidence that the provisions of the Act of Assembly of March 14th 1844, in reference to the entering security by Peter Maison, and the approval of such security were complied

with, and therefore no title passed by the deed from him to Roumfort.

Ans. " There is evidence in the cause which satisfies me that the provisions of the Act of Assembly of March 14th 1844, in reference to entering security by Peter Maison, and to the approval thereof, were complied with, and therefore a good title passed by the deed from him to Roumfort."

3. That under all the evidence the plaintiffs are entitled to recover." .

Ans. " Under all the evidence the plaintiffs are not entitled to recover.

Exceptions to the findings and conclusions of the court were dismissed and a new trial refused, and after judgment plaintiffs took this writ and, inter alia, assigned for error the answers to the above points and the admission in evidence of the deed from Peter Maison to Roumfort.

The objection that the Act of 1844 was not constitutional was not pressed at the argument in this court.

*R. E. Brown* and *Peter McCall*, for plaintiffs in error.—The defendant failing to find any record of the security required by the Act of 1844 or approval by the court, substituted therefor a certified copy of docket-entries. These being admitted paved the way for the deed, which was accordingly made evidence.

This is the case of a peculiar authority to sell conferred by statute, depending for its lawful exercise on the existence of conditions precedent, viz.: the entry of security conditioned according to the provisions of the statute, and the approval of the security by the court. The docket-entries do not show any amount of security nor approval by the court.

If an Act of Assembly authorizes a sale by guardian on entering into recognisance to be approved by the court, a certificate from the clerk that such recognisance was given is not evidence. A copy of the recognisance should be stated with the approbation of the court: Jones *v.* Hollopeter, 10 S. & R. 326.

Recitals in a sheriff's deed are no evidence of his authority to sell. The judgment and execution must be produced: Hampton *v.* Specknagle, 9 S. & R. 212.

The existence of a petition and the order of the court thereon, authorizing the sheriff to make a deed, cannot be presumed against one who was a stranger to the proceeding: Baskin *v.* Seechrist, 6 Barr 154.

The docket-entries say, "April 12th 1845;" the deed says, " 28th of May 1852." The endorsement on the deed says impliedly on neither date was security entered. There are no docket-entries as to May 28th 1852.

There is no allegation, except that in the deed, that security was

entered on that day and the incompleted endorsement on the deed shows plainly that the requirements of the act had not been complied with. Take, therefore, either the question of law or of fact as it is involved in the point as to the admissibility of this deed, and it seems: First, that the docket-entries cannot be received to supply the missing record, and secondly, that if admitted, that deed with collateral circumstances establish the fact that no security was given and therefore it could not pass a valid title indefeasible by the plaintiffs.

*A. Sydney Biddle* and *R. C. McMurtrie* for defendant in error. —The requirements of the Act of 14th of March 1844 were complied with. The sole question under this head is whether there was any evidence whatever to entitle a jury to find that the security required had been given. This is a writ of error and unless the court should have instructed the jury to find for the plaintiffs, the judgment must be affirmed. What remains of the record is quite sufficient to show what actually occurred. An Act of Assembly had been passed requiring the trustee, before executing a deed to the purchaser of land belonging to the trust estate, to give "security in the Court of Common Pleas."

The original papers of the court being lost, the docket shows that on the 12th of April 1845, Maison, the trustee, presented a petition in the Court of Common Pleas, in the trust estate of John A. Maison, which petition was filed, and on motion of his attorney, the court thereupon permitted the petitioner to give security according to the special Act of Assembly. *Eo die*, bond filed. It appears from the deposition of Roumfort, the purchaser, that on the 1st of April 1845, he took possession of the lot and that about that time, Maison, the trustee, in answer to a request for the deed, told him, that " he had given bail or that he would shortly give bail in the Court of Common Pleas." By bail, the witness meant the security required by the Act of Assembly.

Moreover the order is, that the court permit the petitioner to give security according to the special Act of Assembly. These words indicate that the security had been and doubtless it was in the petition filed that day, mentioned and approved. It is impossible that this can mean that the court permit him to *tender* the security. No such order is made. The only permission necessary is to file, not to offer to file, the bond. The order is only made after the security is accepted. That the bond was the security for this sale is clear, as there was nothing else for which security could be given —nothing else to secure. But the maxim of *omnia præsumuntur*, &c., is clearly applicable. Where an Act of Assembly requires a trustee to give security to be approved by the court, it will certainly be presumed, where the court records have been destroyed, that what could only lawfully be done in a certain way was performed in that way, when performed under the direction of the court.

[Clark *v.* Miller.]

Mr. Justice MERCUR delivered the opinion of the court, May 5th 1879.

This was an action of ejectment for certain lands, which were once held by Peter Maison in trust for the plaintiff. It was conveyed by the trustee to A. L. Roumfort, under whom the defendant claims. The contention is as to the validity of that sale.

The Act of 14th March 1844, Pamph. L. 117, authorized the trustee to sell at public or private sale, and to make and execute a good and sufficient deed to the purchaser in fee-simple discharged from the trust, and from any obligation on the part of the purchaser to see to the application of the purchase-money.

The first assignment that the court erred in not holding the act to be unconstitutional was not pressed on the argument. Under the authority of Norris *v.* Clymer, 2 Barr 277, the prescribed mode of sale was clearly within legislative power.

The second and third assignments present the question whether there was a substantial compliance with the act in making the sale and conveyance. A trial by jury was waived and the cause submitted to the decision of the court. The learned judge found all the facts necessary to show a compliance with the statute, whereby an indefeasible title vested in Roumfort; and also that there was sufficient evidence of adverse possession to bar the plaintiff's right of action. To all his finding of facts we must give the same effect as to the verdict of a jury. By the election of the parties it is the substitute of a verdict. If, then, there was evidence of the facts found sufficient to leave to a jury, we must hold them to be established.

The evidence is part record and part parol. The act declared that before the trustee should make and execute any deed he should give security, to be approved by the Court of Common Pleas of Philadelphia county, conditioned for the investment of the proceeds in other securities on the same trusts as the land was held. The original papers cannot be found among the records, yet on the proper docket in the prothonotary's office is found the following entry immediately following the entry of Maison's appointment as said trustee: "April 12th 1845, petition of Peter Maison read and filed. And on motion of Mr. Biddle court permit petitioner to give security according to special Act of Assembly. *Eo die,* bond filed." No other special Act of Assembly than that of 14th March 1844, is shown to exist, which authorized the trustee to give security. The conclusion is therefore clear that it was given under and in pursuance of that act. Having been thus and then filed in court, and by its leave, it must be presumed to have been accepted and duly approved by the court. This then gave the trustee full authority to convey.

The parol testimony shows an express and distinct sale by the trustee to Roumfort, that he took possession in the spring of 1845,

[Clark *v.* Miller.]

and continued in the undisturbed possession until this writ of ejectment was served in 1871. The sale was at $75 per acre, amounting to $385. The trustee delayed making a deed in pursuance of his contract until in October 1852. He then accepted a judgment bond for the purchase-money, and executed and acknowledged a deed to Roumfort, and it actually passed into the hands of the vendee. The latter left it in the hands of the scrivener, who had drawn the writings between the parties, and on calling for it a few days thereafter ascertained that the trustee had ordered the scrivener not to deliver it. This was followed by the trustee asking that the purchase-money be paid down in lieu of the judgment-bond. Roumfort then sent him the money with interest to date. Some six months thereafter he returned the check without any explanation. After further negotiations and delay, and an increased consideration being demanded, finally, in consideration of $1500 being paid, he executed and delivered a deed for the premises to Roumfort on the 26th March 1855.

The plaintiffs assail the validity of this deed by reason of a recital therein that the trustee entered into a bond with one Whetham as security in the sum of $800, conditioned for the investment of the proceeds of the sale as directed by said act, and that it was approved by the Court of Common Pleas held on the 28th May 1852. No records of the court are shown verifying this recital. No reason is shown for giving this security in 1852. If given, it is left to conjecture whether it was supplemental to the original bond. The action of the court in 1845 authorized a sale and conveyance. The vendee was at all times ready to comply with the terms of his contract. Although baffled and delayed he more than fulfilled them. The fact that the deed which he eventually procured and succeeded in retaining contains an unexplained recital cannot impair the validity of the title vested in the vendee. The vendor having the power to convey, it was not essentially necessary that that power should be recited in the deed. After nearly twenty-six years' possession by the defendant and those under whom he claims, every reasonable intendment should be given to protect the title acquired by the vendee. Nor is the fact that the plaintiffs were minors at the time of the conveyance sufficient to invalidate the sale. It is not shown that the trustee has not fully accounted for the proceeds of the sale. As the view we take of the validity of the sale fully sustains the judgment of the court, we deem it unnecessary to consider the conclusive effect of the adverse possession. Judgment affirmed.